# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HONG MANH NGUYEN, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 14-683 |
| vs. ) | Judge Mark R. Hornak/ |
| ) | Magistrate Judge Maureen P. Kelly |
| RIVER CASINO, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice for failure to pay the filing fee by September 18, 2014 as Plaintiff was repeatedly warned to do.

### II. REPORT

Hong Manh Nguyen ("Plaintiff") filed a Motion for Leave to Proceed In Forma Pauperis ("the IFP Motion") in order to prosecute a civil complaint against "River Casino," a gaming establishment in Pittsburgh, Pennsylvania. Because the record disclosed that Plaintiff had expended substantial amounts of money at the Casino over the course of several months, and indeed, spent over $1,800.00 at the Casino in the course of merely two hours during the early morning hours of May 26, 2014, ECF No. 1-1, (which was the day before his filed his IFP Motion in this Court) demonstrating that Plaintiff had adequate assets to pay the filing fee, the undersigned denied Plaintiff's IFP Motion and gave Plaintiff until September 8, 2014 to pay the filing fee or have the case dismissed for his failure to prosecute. ECF No. 3.

Rather than pay the filing fee, Plaintiff filed a Motion to Bill the Plaintiff Later or Motion to have Rivers Casino pay for the Court cost of this Action (the "Motion"). ECF No. 4. In an order dated September 2, 2014, the undersigned denied that Motion as well and warned Plaintiff in the order that "Plaintiff is reminded that he must pay the $400.00 filing fee by September 8, 2014 or this case will be dismissed for failure to prosecute without further warning." ECF No. 5 at 2. On September 5, 2015, Plaintiff filed a "Supplement" to which he attached three notices from Banks, showing insufficient funds. The notices are dated August 15, 25, and September 9, 2014. In the absence of bank statements for Plaintiff from the month of May (when he first filed this suit) to the present, we find that the three overdraft notices starting in mid to late August, after he was on notice that his IFP Motion was denied, are simply insufficient for Plaintiff to carry his burden to show that he was not able to pay the filing fee in May 2014 when he initiated this suit.

It is now September 26, 2014, and Plaintiff has not paid the filing fee as directed to do so and after having been warned repeatedly that failing to pay the filing fee by September 8, 2014 would result in the dismissal of the case without further warning.

A District Court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the

extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules.  Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).  Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . .").  Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to pay the filing fee as directed is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendant has been prejudiced by Plaintiff's failures.

(3) A history of dilatoriness.

Plaintiff has failed to pay the filing fee by September 8, 2014 as directed to do so by this Court and after having been twice warned that failure to do so will result in the case being dismissed for failure to prosecute. Plaintiff's failure to pay the filing fee is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

It does not appear that Plaintiff has a meritorious case in federal court. There is no apparent jurisdictional basis for Plaintiff's suit as it fails to demonstrate any violation of federal law, nor does Plaintiff apparently assert diversity jurisdiction over any state law claims.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for Plaintiff's failure to comply with the Court order directing him to pay the filing fee.

**III. CONCLUSION**

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

                              Respectfully submitted,

Date: September 26, 2014                    s/Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Mark R. Hornak
       United States District Judge

       Hong M. Nguyen
       952 Sleepy Hollow Road
       Castle Shannon, PA 15234