IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HONG MANH NGUYEN, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-683 |
| vs. | ) | Judge David Stewart Cercone/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| RIVER CASINO, | ) | Re: ECF No. 21 |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Plaintiff Hong Manh Nguyen ("Plaintiff"), a *pro se* litigant, initiated this action against Defendant Rivers Casino ("Defendant") on May 27, 2014, following what appears to have been an unsuccessful night of gambling on May 26, 2014.[1] Although Plaintiff's Complaint is less than clear, it appears that he objects to the manner in which the dealer at River Casino's Blackjack table, where Plaintiff was playing, conducted the game. ECF No. 11. Plaintiff alleges that, as a result, another player won $25,000.00, which Plaintiff contends he could have and/or should have won. Plaintiff seeks reimbursement of the $25,000.00, as well as the other money he lost at Rivers Casino that night, and the cost of this litigation. Id.

Since the Complaint was filed, Plaintiff has apparently had other unfruitful nights at Rivers Casino and has sought to amend and/or supplement his Complaint each time, so as to add new claims relative to each new loss. ECF Nos. 13, 16, 24. Specifically, Plaintiff filed an Amended Complaint on October 30, 2014, regarding losses he incurred at Rivers Casino on May 26, 2014, June 9, 2014, and June 25, 2014. ECF No. 13. On January 20, 2015, and February 9,

---

[1] Defendant has represented, and Plaintiff does not dispute, that Holdings Acquisition Co., L.P. d/b/a Rivers Casino is the proper Defendant in this action. In fact, Plaintiff has filed a Motion to Amend the Caption, ECF No. 23, in this regard which will be ruled upon in a separate order. The distinction between the two entities, however, does not affect the resolution of the instant Motion.

2015, Plaintiff filed additional submissions/supplements to the Amended Complaint (which appear to be the same document) seeking to add additional allegations relative to losses he incurred between November 4, 2014 and January 19, 2015. ECF Nos. 16, 24. These last two submissions, however, were stricken from the record because Plaintiff did not seek leave to file those supplements and because they were not free standing complaints containing all of Plaintiff's claims. ECF: 1/27/2015 & 3/3/2015 Text Orders. As such, the Amended Complaint, ECF No. 13, remains the operative Complaint.

Rivers Casino filed a Motion to Dismiss Amended Complaint ("the Motion") on February 2, 2015, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court not only lacks subject matter jurisdiction but that Plaintiff has otherwise failed to state a claim against it. ECF No. 21. Plaintiff responded to the Motion on February 10, 2015. ECF No. 25. As such the Motion is ripe for review. For the following reasons, it is respectfully recommended that the Motion be granted.

## II. REPORT

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter of the litigation or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elec., Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). In a facial attack, as has been presented here, the defendant contests the sufficiency of the well-pleaded allegations insofar as they provide a basis for the court's exercise of subject-matter jurisdiction. As such, the standard relative to a Rule 12(b)(6) motion applies, and mandates that the court treat the complaint's well-pleaded jurisdictional facts as true and view them in the light

most favorable to the plaintiff. Stovic v. U.S. R.R. Ret. Bd., 2013 WL 4829225, at *2 (W.D. Pa. Sept. 10, 2013), *citing* NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001). Dismissal pursuant to a facial attack "is proper only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Id., *quoting* Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408–1409 (3d Cir. 1991) (internal quotes omitted). Further, once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). See Sixth Angel Shepherd Rescue Inc. v. West, 790 F. Supp. 2d 339, 349 (E.D. Pa. 2011), *aff'd*, 477 F. App'x 903 (3d Cir. 2012).

### B. DISCUSSION

The United States district courts "are 'courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute.'" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), *quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). See Rokhvarg v. Dep't of Cmty. Affairs, 363 F. App'x 201, 203 (3d Cir. 2010).

> In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. § 1332. To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.

3

Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. at 552. "A case 'aris[es] under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Pennsylvania v. Eli Lilly & Co., Inc., 511 F. Supp. 2d 576, 579 (E.D. Pa. 2007), *quoting* Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006).

Here, the Amended Complaint is completely devoid of any reference to a claim arising under the Constitution, laws, or treaties of the United States or any facts that would suggest that Plaintiff has any such a cause of action. It is therefore clear from the face of the Amended Complaint that the Court does not have subject matter jurisdiction over this matter based on a federal question.

Nor is Plaintiff able to establish diversity jurisdiction under 28 U.S.C. § 1332. As previously discussed, for a federal court to exercise diversity jurisdiction over an action under § 1332(a), the parties must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. at 552. See Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010). Although the Court recognizes that allegations made by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, Juste v. Resident Agency, 2015 WL 507493, at *1 (W.D. Pa. Feb. 6, 2015), *citing* Haines v. Lerner, 404 U.S. 519, 520 (1972), even a *pro se* plaintiff must affirmatively plead the citizenship of the individual defendants in order for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter. Crisafulli v. Ameritas Life Ins. Co., 2014 WL 2611839, at *3 (D.N.J. June 11, 2014).

4

Similarly, it is the plaintiff's burden to affirmatively plead the amount in controversy on the face of the complaint. Id., *citing* Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935, 937 (3d Cir. 1968). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith; it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." The Graham Co. v. Griffing, 2009 WL 1407779, at *1 (E.D. Pa. May 19, 2009), *citing* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1983); Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir.1995). Moreover, "the Court's inquiry can only focus on facts that existed at the time the Complaint was filed." Mercedes-Benz USA, LLC v. ATX Grp., Inc., 2009 WL 2255727, at *2 (D.N.J. July 27, 2009), *citing* Suber v. Chrysler Corp., 104 F.3d 578, 584 (3d Cir. 1997).

Plaintiff in this case has indicated in the Amended Complaint that he resides at 952 Sleepy Hollow Road, Castle Shannon, Pennsylvania 15234, and thus is a resident of Pennsylvania. ECF No. 13, p. 1. Plaintiff has also indicated that Rivers Casino, the named Defendant, is a resident/citizen of Pennsylvania based upon its business address of 777 Casino Drive, Pittsburgh, Pennsylvania 15212. Id. Plaintiff therefore has failed to satisfy the "citizens of different states" requirement for purposes of establishing diversity jurisdiction.

More importantly, however, even if Plaintiff could establish complete diversity between the parties, he has failed to plead facts necessary to show that the amount in controversy exceeds the threshold amount of $75,000.00, exclusive of fees and costs. As pointed out by Defendant, Plaintiff alleges in the Amended Complaint that he is seeking $55,776.53 in damages and $2,854.87 for interest and services fees which combined only amounts to $58,631.40, and is well short of the $75,000.00 threshold to establish diversity jurisdiction. See ECF No. 13, ¶ 10. As

such, this Court is without subject matter jurisdiction over this matter and the Amended Complaint is properly dismissed.[2]

### C. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion, ECF No. 21, be granted and the Complaint be dismissed pursuant Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[3]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                Respectfully submitted,

                                                /s/ Maureen P. Kelly
                                                MAUREEN P. KELLY
                                                CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] Having found that the Amended Complaint is properly dismissed for lack of subject matter jurisdiction, the Court need not address Defendant's alternative argument that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

[3] Although the United States Court of Appeals for the Third Circuit has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint whether or not the plaintiff has asked to do so, the Court is not required to allow an amended complaint to be filed where it would be inequitable or futile. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, given the Court's above findings, it appears that allowing Plaintiff to file another amended complaint would be futile and the Court therefore should decline to do so.

Dated: March 9, 2015


cc:     The Honorable David Stewart Cercone
        United States District Judge

        Hong Manh Nguyen
        952 Sleepy Hollow Road
        Castle Shannon, PA 15234

        All counsel of record by Notice of Electronic Filing